People v Hannah (2019 NY Slip Op 02130)





People v Hannah


2019 NY Slip Op 02130


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-00007

[*1]People of State of New York, respondent,
v
Raymond Hannah, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green and Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated November 20, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders completed a risk assessment instrument assessing the defendant a total of 140 points. At the SORA hearing, the County Court granted the People's request to assess a total of 40 additional points under risk factors 7, 12, and 13, although the additional points had no impact on the defendant's presumptive risk level of level three.
The defendant's contentions that he was improperly assessed points under risk factors 5 and 9 are unpreserved for appellate review, since the defendant did not oppose the People's request for the assessment of these points at the SORA hearing (see People v Marquez, 165 AD3d 986). In any event, the defendant's contentions are without merit.
In light of the foregoing, the defendant's contentions that he was improperly assessed points under risk factors 7, 12, and 13 need not be addressed (see People v Rosario, 164 AD3d 625).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court